

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 29, 1970

Honorable Preston Smith
Governor of Texas
Capitol Station
Austin, Texas 78711

Opinion No. M- 699

Re: Several questions relative
to licensing of nursing
home administrators under
Senate Bill 388, Acts
1969, 61st Legislature,
Chapter 411, page 1356
(codified by Vernon as
Article 4442d), and a
related question.

Dear Governor Smith:

Your letter of August 17, 1970, states the following facts:

"Our office has received correspondence from
nursing home administrators who assert that they
have been in the nursing home business for many
years (several for over twenty years). These ad-
ministrators assert that they should be qualified
for a license by their training and experience
under the provisions of Section 6(1) and Section
9(2) of the Act."

Your letter then asks six questions, however, by
your subsequent letter of September 10, 1970, you withdrew
your request for answer to questions 3, 4 and 5. We therefore
direct our attention to questions 1, 2 and 6 stated as follows:

"1) Does Section 6(1) and Section 9(2) of
Senate Bill 388, 61st Legislature, regular session,
1969, give the Board the authority to establish an
educational training requirement exclusive of a con-
sideration of the applicant's experience in the field
of institutional administration, or is the phrase in

-3376-

Section 6(1), 'by training or experience in the field of institutional administration', and the phrase in Section 9(2), 'or has presented evidence satisfactory to the Board of sufficient education, training, or experience...'intended to require the Board to establish standards which consider the experience of an applicant in conjunction with the amount of his formal education training, thus requiring a lesser degree of formal training of an administrator with several years experience in the field of nursing home administration?

"2)  Does Section 6(1) and Section 9(2) of Senate Bill 388, 61st Legislature, regular session, 1969, provide that nursing home administrators can qualify for a license without taking the examination and meeting the additional educational requirements if they can prove by documented evidence that a) they are of good moral character, b) they have sufficient training or experience, and c) they have been in the past and presently are qualified to serve as nursing home administrators, i.e. is Section 6(1) and Section 9(2) intended to be a 'grandfather clause'?

"6)  Does this Board have the authority to retain and employ private counsel to initiate suit against violators of this Act when Section 15 of the Act specifically provides that the Attorney General will render such legal assistance as may be necessary to enforce and make effective the Act?"

Inasmuch as questions 1 and 2 each require several separate answers, we will break them down for convenience. The first part of question 1 asks whether the Board can establish a licensing requirement in addition to a consideration of an applicant's experience as set out in Section 6(1) and Section 9(2) of the Act. We answer "no" to this part of question No. 1.

Section 6(1) reads as follows:

"(1) develop, impose, and enforce standards which must be met by individuals in order to receive a license as a nursing home administrator, which standards shall be designed to insure that nursing home administrators will be individuals who are of good character and are otherwise suitable, and who, by training or experience in the field of institutional administration, are qualified to serve as nursing home administrators:" (Emphasis added.)

Section 9 prescribes all the necessary qualifications of an applicant for nursing home administrator license. Section 9(2) reads as follows:

"Section 9(2) ... he has satisfactorily completed a course of instruction and training prescribed by the board, which course of instruction shall be designed as to content and so administered as to present sufficient knowledge of the proper needs to be served by nursing homes; laws governing the operation of nursing homes and the protection of the interests of patients therein; and the elements of good nursing home administration; or has presented evidence satisfactory to the board of sufficient education, training, or experience in the foregoing fields to enable him to administer, supervise and manage a nursing home." (Emphasis added.)

Both section 6(1) and 9(2) of the Act are stated in the disjunctive by use of the word "or" allowing the applicant the benefit of the use of prior experience to fulfill this portion of his qualification, subject to such experience being satisfactory to the board which has exclusive jurisdiction to determine each applicant's "... qualification, skill and fitness ..." under Section 5 of the Act.

By the above holding, we answer the last part of question 1, "yes". We believe that it was the intention of the Legislature, by the disjunctive language in Section 6(1) and 9(2), to require the Board to consider the experience of an applicant along with his formal training wherein it is stated in part in Section 9(2) as follows:

"... or has presented evidence satisfactory to the board of sufficient <u>education, training, or experience</u>..." (Emphasis added.)

The first part of your second question asks whether Section 6(1) and 9(2) allow an applicant for licensure to substitute good moral character, training or experience, or qualification to presently serve as nursing home administrator, for the examination. We answer this portion of your second question "no". Section 9 of the Act lists the requirements for the issuance of a license; and while there are some alternatives or choices in Section 9, there is no alternative requirement for the examination and it must be taken by all parties who wish to be licensed as a nursing home administrator. This requirement is set out in Section 9(3) as follows:

"3)  he has passed an examination administered by the board designed to test for competence in the subject matters referred to in subsection (2) hereof;"

We deem it necessary to observe, however, that the statute does not prescribe the extent of detail of this examination. This was a matter left within the sound discretion of the Board, which may use any reasonable means as it may determine necessary to satisfy itself that the applicant possesses sufficient education, training, or experience. The Board may make reasonable classifications among applicants, based upon the number of years of experience and training, and they may administer a more extensive or different kind of test for applicants without any substantial experience, education, or training than to those possessing a number of years of such experience, training, or education. However, we cannot conclude

that the Board has the authority to waive the examination for
a certain class of applicants with substantial experience,
training, or education. The statute expressly directs that,
"No license shall be issued to a person ... unless ...(3) he
has passed an examination administered by the board and de-
signed to test for competence ..." There are no exceptions to
this requirement and no authority given to waive an examination.

The next part of your second question asks whether an
applicant can qualify for a license under the Act by substituting,
with documented evidence, proof of good moral character, suf-
ficient training or experience and the fact that the applicant
in the past and present are qualified to serve as nursing home
administrator, for educational requirements. We answer this
part of your question "yes". An applicant must (1) have grad-
uated from an approved high school or secondary school or have
a certified equivalency certificate (Section 9(4); (2) passed
an examination on the subject matter of Section 9(2); and (3)
have completed the course of training and instruction pre-
scribed by the board "... or has presented evidence satisfactory
to the board of sufficient education, training, or experience
in the foregoing fields to enable him to administer, supervise,
and manage a nursing home" Section 9(2) of the Act.

Further, we do not believe that Sections 6(1) and
9(2) were intended to be grandfather clauses in the true sense
of that term. While these sections do allow those previously
employed as nursing home administrators a substitution of ex-
perience for course work, applicants are not automatically
granted a license based on prior experience or training and are
required, as all applicants to pass an examination (Section 9(3)
and have the basic education required pursuant to Section 9(4).

You are accordingly advised that under the facts sub-
mitted, individuals possessing the qualifications described in
your letter would be entitled to receive a license assuming that
such individuals also comply with the provisions of subdivisions
(1), (3) and (4) of Section 9. We recognize that subdivision (5)
of this Section requires an applicant to comply with all other
qualifications and requirements as may have been established by

rule or regulation of the Board.  In this instance, it is our opinion that the Board may not establish a rule or regulation contrary to the express provisions of subdivision (2) of Section 9.

Our opinion is not to be construed as in any manner infringing upon the discretion to be exercised by the Board under the statutory enactment.  It is the Board's exclusive authority to make the determination in each case whether an applicant has furnished satisfactory evidence that he possesses the experience as a nursing home administrator as specified in subdivision (2) of Section 9, and such determination will not be overturned except in those instances where the Board's finding is not supported by substantial evidence.

In answer to your 6th question it is noted that Section 15 of the Act provides:

"Sec. 15.  The Attorney General is directed to render such legal assistance as may be necessary in enforcing and making effective the provisions of this Act, provided that this requirement shall not relieve the local prosecuting officers of any of their duties under the law as such."

In view of the foregoing, it is our opinion that the Attorney General, district attorneys and county attorneys are the only legal representatives of the Board authorized to institute suits against violators of this Act.

### S U M M A R Y

Under Article 4442d, Section 6(1) and 9(2) the Texas Board of Licensure for Nursing Home Administrators is not authorized to establish an educational training requirement in addition to a consideration of applicant's experience and who is found by the Board to possess sufficient experience in the field of nursing home administration.

Section 6(1) and 9(2) of Article 4442d require the Board to establish standards which consider an applicant's experience and training in the field of nursing home administration.

All applicants must pass an examination administered by the board before a nursing home administrator's license may be issued.

An applicant may submit evidence, satisfactory to the board, of education, training or experience in the fields set out in Section 9(2) of Article 4442d as a substitute for the course of instruction and training prescribed by the board.

Section 6(1) and 9(2) of Article 4442d are not grandfather clauses in the true sense of the term.

Section 15 of Article 4442d provides the only authority for the board's legal representation, that being by the Attorney General and "local prosecuting officers".

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Melvin E. Corley
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James Quick
Harriet Burke
Charles Parrett
Wayne R. Rodgers

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant